IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
– Northern Division –

| | | |
|---|---|---|
| TIMOTHY E. AYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. L 02-CV-0061 |
| | ) | |
| CHARLES T. CAPUTE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND HIS RULE 26 DISCLOSURES**

Defendant Charles T. Capute, by his undersigned attorneys, hereby opposes Plaintiff's Motion to Amend His Rule 26 Disclosures, and in support thereof states as follows:

1. On October 11, 2002, this Court issued a Scheduling Order establishing various deadlines to ensure the orderly progress of this case. Under the Court's Scheduling Order, plaintiff was required to disclose his experts, in accordance with the requirements of Rule 26(a)(2), on or before December 9, 2002, and to disclose any rebuttal experts by February 21, 2003.

2. On or about December 10, 2002[1], plaintiff served "Plaintiff's Rule 26 Disclosures" identifying two expert witnesses: (1) Theresa Hayes, Esquire, a Delaware attorney who represented Mr. Ayers in his recent divorce from his former wife, Lisa Ayers (nee Wheatley), and (2) Leslie G. Billman, Esquire, a Maryland attorney. A true copy of Plaintiff's Expert Disclosures is attached hereto as "Exhibit A" to this Memorandum. Both experts were

---

[1] Defendant's counsel does not object to the one-day delay in the disclosure of Plaintiffs' Experts. Defendant does not waive, however, any objections to the adequacy of the Expert Disclosures or any other irregularity, including the failure to have the Expert Disclosures signed by the experts as required by Rule 26.

designated to opine on the same subject matter; i.e., the adequacy of an Antenuptial Agreement that was initially drafted in 1989 by Mr. Ayers' Delaware family law counsel, the law firm of Fuqua and Graves[2], and later revised in September 1991 by Mr. Capute, a Maryland Trusts and Estates lawyer in Easton, Maryland, who at the time was representing the Ayers family in various estate planning matters, and was asked to review the draft agreement to ensure that it comported with the family's estate planning objectives at the time.  According to Plaintiff's Expert Disclosures, both of plaintiff's experts intend to opine that Mr. Capute deviated from the applicable standard of care for a matrimonial lawyer when he "prepared" the Antenuptial Agreement.

3. Plaintiff has moved for an order permitting him to add a new expert long after the time for designating original and rebuttal experts has passed.  Plaintiff's belated request is premised upon a concern that one of his experts, Ms. Hayes, may be impeached if called to testify as an expert in this case.  *See* Pltf. Mot. at ¶6 (suggesting that Ms. Hayes' expert opinions in this case that the Antenuptial Agreement was deficient may become "suspect" if the jury thinks they are motivated by a desire to protect the validity of her advice to Mr. Ayers to settle the underlying property dispute with his wife).  Plaintiff is correct that one of the defenses raised by defendant is that Ms. Hayes improperly or prematurely advised Mr. Ayers to pay his former wife substantial alimony and other property rather than urge his client to ask a court in Delaware to interpret the Antenuptial Agreement and, if necessary, reform it so as to conform to

---

[2] Before initiating this action in January 2002, Mr. Ayers filed an identical action in a Delaware court against the successor-in-interest to the Fuqua and Graves law firm, alleging that the firm committed malpractice by drafting the same Antenuptial Agreement for which Mr. Ayers seeks to hold Mr. Capute accountable.  The Delaware court later dismissed the action, without prejudice, on grounds that the claim was not ripe because Mr. and Mrs. Ayers had not yet resolved their property dispute in their underlying divorce case.  This procedural defect was removed in April 2002, a few months after this action was commenced and around the same time that Mr. Capute moved to dismiss this action on similar grounds, when Mr. and Mrs. Ayers reached an agreement of their property dispute.  Under this agreement, Mr. Ayers agreed to pay Mrs. Ayers certain alimony and to release to Mrs. Ayers a portion of funds on deposit in an account maintained at Mellon Bank.

what Mr. Ayers claims was the original intent of both parties all along – to preclude Ms. Ayers from making a claim for alimony or other "marital" property in the event the marriage ended in divorce. Plaintiff is incorrect, however, when he implies that he learned of this potential source of impeachment for the first time when defendant served his Expert Witness Disclosures in early February 2003. *Id*. at ¶5.

4. Plaintiff clearly has been aware of this defense since June 2002, when defendant raised it in his Answer:

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own contributory negligence, including but not limited to his actions in "settling" the disputes allegedly raised by Lisa R. Ayers (nee Wheatley) during the course of his divorce proceedings concerning the meaning and effect of the 1991 Antenuptial Agreement, rather than challenging those assertions by seeking a ruling on the meaning and effect of the Agreement from a Court having jurisdiction over such matters.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the negligence of his attorneys and agents, to the extent those attorneys advised plaintiff to "settle" the disputes allegedly raised by Lisa R. Ayers (nee Wheatley) during the course of his divorce proceedings concerning the meaning and effect of the 1991 Antenuptial Agreement, rather than challenging those assertions by seeking a ruling on the meaning and effect of the Agreement from a Court having jurisdiction over such matters.

*See* Defendant's Answer to The First Amended Complaint, filed on June 2, 2002, at 6. Having been aware of this defense since June 2002, plaintiff cannot tenably claim that he was somehow surprised by defendant's recent 26(b)(2) disclosure, indicating that defendant's expert would testify about this matter at trial.

5. Moreover, plaintiff's suggestion that he should be permitted to designate out of time a third expert because the opinions of one of his other two experts (Ms. Hayes) may now be

"suspect," *see* Pltf. Mot. at ¶6, is wholly without merit. Plaintiff chose for his own reasons to designate Ms. Hayes, who represented Mr. Ayers in his divorce case, as one of his expert in the pending malpractice action. By utilizing Ms. Hayes in this "dual" capacity, plaintiff, and plaintiff alone, placed Ms. Hayes at risk of possible impeachment on grounds of motive or bias. In any case, the mere risk that Ms. Hayes may be subject to impeachment – especially where, as here, the possibility of impeachment has been known, or should have been known, to plaintiff all along – is insufficient to justify plaintiff's late request to designate a new expert. If this were a legitimate basis for adding new experts beyond the court-mandated expert disclosure deadline, there would be no point to having such deadlines in scheduling orders.

6. Finally, plaintiff's suggestion that defendant will suffer no prejudice because the parties have not yet deposed experts, *see* Pltf. Mot. at 8, misses the point. As plaintiff knows, defendant has issued a Subpoena Duces Tecum to Ms. Hayes requesting documents from Mr. Ayers' divorce case. Defendant also has been attempting to schedule, through plaintiff's counsel, Ms. Hayes' deposition, as well as a number of other witnesses (both fact and expert), prior to the close of all discovery on March 21, 2003. Allowing plaintiff to designate a third expert witness would place defendant, who has designated only two experts, at a distinct disadvantage, and make it extremely difficult, if not impossible, for the parties to complete all discovery by the current deadline, March 21, 2003.

7. Plaintiff has failed to demonstrate any cause, let alone good cause, for modifying the deadline for disclosure of expert witnesses. For the reasons stated herein, defendant Charles T. Capute respectfully requests that the Court deny Plaintiff's Motion to Amend His Rule 26 Disclosures.

Respectfully submitted,

MURPHY & SHAFFER


By: */s/ Robert T. Shaffer, III*
   Robert T. Shaffer, III (#04074)

36 S. Charles Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-7000

*Attorneys for Defendant*
*Charles T. Capute*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March 2003, I caused copies of the foregoing Defendant's Memorandum In Opposition To Plaintiff's Motion To Amend His Rule 26 Disclosures to be filed electronically in accordance with the Court's administrative procedures.

*/s/ Robert T. Shaffer, III*
Robert T. Shaffer, III