# EXHIBIT A

Case 1:02-cv-00061-WDQ    Document 19-2    Filed 03/03/2003    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT OF MARYLAND

| | |
|---|---|
| TIMOTHY E. AYERS<br>P. O. Box 1210<br>Seaford, DE 19973 | NO. |
| Plaintiff | NON-ARBITRATION<br>JURY TRIAL DEMANDED |
| vs. | No. L02-CV-0061 |
| CHARLES T. CAPUTE, ESQUIRE<br>114 North West Street<br>Easton, MD 21601 | |
| Defendant | CMAL Legal Malpractice |

## PLAINTIFF'S RULE 26 DISCLOSURES

I.  Identification of Each Person to Testify

   Theresa Hayes, Esquire
   16 North Bedford Street
   Georgetown DE 19947- 0924

   Leslie G. Billman, Esquire
   Brennan Trainor Billman & Bennett LLP
   33 West Street
   Annapolis MD 21401

II.  The Subject Matter on Which the Person Expected to Testify.

   The subject matter upon which the experts will testify is what is legally required to prepare an ante nuptial agreement that can withstand a judicial challenge especially with due regard to a waiver of alimony provision and a provision to exclude a spouses prior business interests from being included into a subsequent marital estate.

III.  The Substance of the Facts and Opinions to Which the Expert is Expected to Testify.

   The Experts' opinions will be that the defendant deviated from the applicable standard of care expected of a matrimonial lawyer when defendant prepared the subject ante nuptial agreement that did not specifically address the issue of alimony being waived and did not specifically exclude the Plaintiff's business interests from being deemed to be exclusive of the subsequent marital estate that was created when Plaintiff married.

It is also anticipated that Attorney Billman may express an opinion that unless a Maryland practitioner has knowledge of the matrimonial laws of the State of Delaware, that a Maryland attorney should consult with a Delaware Attorney about what Delaware law requires to perfect an ante nuptial agreement especially in light of the fact that the Agreement prepared by Defendant herein stated that it would be controlled by the laws of the State of Delaware.

IV. **The facts upon which the Expert will testify will be based upon their review of the following facts:**

That Plaintiff and Plaintiff's family had a longstanding business relationship. That as a result of Plaintiff's Delaware Attorney, Henley Graves, becoming a Delaware Superior Court Judge, Plaintiff asked Defendant to review and make revisions if necessary, to a form of Ante Nuptial agreement that had been prepared by Judge Graves before he ascended the bench. The Defendant agreed to review the Ante Nuptial Agreement and in fact made some revisions to the agreement. That in conversations Plaintiff had with Defendant, he advised that his wife to be would make no claim against Plaintiff for alimony or claim entitlement to Plaintiff's business interests should the anticipated marriage fail and therefore the Defendant wanted the subject matter Ante Nuptial Agreement to address these issues.

IV. **A Summary of the Grounds for Each Opinion.**

1. The Ante nuptial Agreement.

2. All of Defendant's internal publications, work papers, memoranda or correspondence concerning the preparation of the Ante Nuptial Agreement.

3. All time records prepared by Defendant regarding time spent on the preparation of the Ante nuptial Agreement.

4. All documents interchanged between Plaintiff and Defendant regarding the Ante Nuptial Agreement.

5. The Deposition Testimony of any witness deposed by Plaintiffs or Defendant.

6. The discovery responses of the parties.

7. Any and all pleadings filed by any party.

8. To the extent they exist, any unrecorded statements produced by any party.

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2002, I served a true and correct copy of the Plaintiffs' Rule 26 Disclosures upon the following by Electronic Mail in PDF Format and by First Class US Mail:

Robert T. Shaffer, III, Esquire
Suite 1400, 36 S. Charles Street
Baltimore, MD  21201-3109


GIBSON & PERKINS P.C

BY: KEVIN WILLIAM GIBSON