LAW OFFICES
## MURPHY & SHAFFER
SUITE 1400
36 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3109

ROBERT T. SHAFFER, III
RShaffer@murphyshaffer.com

March 21, 2003

TELEPHONE (410) 783-7000
FACSIMILE (410) 783-8823

RECEIVED IN THE CHAMBERS OF
BENSON EVERETT LEGG
MAR 2 4 2003
UNITED STATES DISTRICT JUDGE

**VIA HAND DELIVERY**

Honorable Benson Everett Legg
United States District Court for the
District of Maryland - Northern Division
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

RE: *Timothy E. Ayres v. Charles T. Capute, et al.*,
Civil Action No. L02CV0061.

Dear Judge Legg

I am writing on behalf of my client, Charles T. Capute, to advise the Court of the status of this case.

Discovery has not been completed. The parties have been deposed. During the last several weeks, defendant has issued a number of subpoenas to various out-of-state witnesses to appear and give testimony in this case prior to the close of discovery. In each instance the depositions had to be continued, either because of the unavailability of plaintiff's counsel, Mr. Gibson (who was in trial), or due to scheduling conflicts with the witnesses themselves. (All but one of the deponents is a lawyer, and working around their schedules and those of the parties' counsel has been most challenging.) One of the witnesses, Mr. Thomas Gay, Esquire, who represented Ms. Lisa Ayers, (plaintiff's former wife) in the underlying divorce case at issue here, has refused to appear and respond to questions regarding non-privileged matters germane to several issues in this case, absent express consent from his former client, Ms. Ayers, who I understand has refused to authorize Mr. Gay to testify. Alternatively, Mr. Gay has suggested to me that he would appear and testify as an expert if I agreed to hire him as an expert witness and to pay him for his testimony. We are unwilling to agree to these conditions.

It appears that we will have no alternative but to move to compel Mr. Gay to testify, which I anticipate doing next week. In any event, defendant will need an additional 30 days to complete the remaining depositions (i.e., except for Mr. Gay's deposition, which will be the subject of a separate motion to compel that is unlikely to be resolved in the next 30 days). Plaintiff's counsel, Mr. Gibson, has authorized me to advise the Court that he does not oppose

LAW OFFICES
**MURPHY & SHAFFER**

Hon. Benson Everett Legg
March 21, 2003
Page 2

defendant's request for additional time within which to complete the depositions that defendant was unable to complete by today. The proposed new deadline would be April 20, 2003. We would ask that the Court also extend for an additional 30 days the dispositive motions deadline. The proposed new motions deadline would be May 20, 2003. We respectfully request that the Court approve this request informally, without the need to submit a formal motion, in part because several of the witness whose depositions have been exceptionally difficult to schedule have agreed to appear for depositions early next week. Of course, if the Court prefers that we submit a formal motion, we would happy to do so next week.

There are no motions pending at this time. Once discovery is completed, defendant anticipates filing a dispositive motion.

Plaintiff has requested a trial by jury in this matter. Defendant anticipates that the trial of this case will take three to five days.

There have not been any serious settlement negotiations between the parties, largely due to discovery not being completed. Mr. Capute is willing to participate in a settlement conference before a magistrate judge, should Your Honor choose to refer the case for that purpose.

Thank you for your consideration of these matters

Respectfully submitted,

Robert T. Shaffer, III

cc: Kevin William Gibson, Esquire (via first-class mail)
Gregg Schaff, Esquire (via facsimile)

APPROVED this 26th day of March, 2003.

William D. Quarles, Jr.
United States District Judge