```
         IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                            *
TIMOTHY E. AYERS,           *

    Plaintiff,              *

v.                          *   CIVIL ACTION NO: WDQ-02-61

CHARLES T. CAPUTE,          *

    Defendant.              *

*   *   *   *   *   *   *   *   *   *   *   *   *
                                                    *
```

MEMORANDUM OPINION

Timothy Ayers has filed a Plaintiff's Motion to Amend His Rule 26 Disclosures ("Motion"), seeking additional time to designate a previously undisclosed expert.

Background

On September 19, 1991, Timothy Ayers and Lisa A. Wheatley signed an Antenuptial Agreement (" the agreement") drafted by Charles T. Capute.[1] Mr. and Mrs. Ayers separated on May 7, 2001 and were divorced on November 28, 2001. Despite the agreement, Mrs. Ayers pursued property and alimony claims against Mr. Ayers.

Theresa Hayes, Esquire, represented Mr. Ayers during the divorce. Ms. Hayes deemed the agreement invalid and advised

---

[1] The agreement was originally drafted in 1989 by different attorneys. Mr. Capute's revision of this original document is the subject of Ayers' malpractice claim.

Mr. Ayers to reach a property settlement with his ex-wife. On April 19, 2002, Mr. and Mrs. Ayers signed a settlement agreement.

Mr. Ayers' original complaint was dismissed without prejudice on April 9, 2002. On May 28, 2002, Mr. Ayers filed an amended complaint, alleging malpractice in Capute's drafting of the antenuptial agreement. On June 5, Capute answered and asserted, inter alia, contributory negligence by Ms. Hayes. This alleged negligence was Hayes's failure to seek a court "ruling on the nature and effect" of the agreement.

On October 11, 2002, United States District Judge Benson Everett Legg issued a scheduling order requiring Ayers to disclose Fed. R. Civ. P. 26(a)(2) information by December 9, 2002. The order required Fed. R. Civ. P. 26(e)(2) supplementation by January 28, 2003.

On December 10, Ayers provided his Rule 26(a)(2) disclosure to Capute. It indicated that two expert witnesses, Ms. Hayes and Leslie G. Billman, Esquire, would testify that Capute breached the standard of care when drafting the agreement. On January 5, 2003, Judge Legg entered a consent order to modify the scheduling order. That modification did not affect the dates for Plain-tiff's Rule 26(a)(2) and

-2-

26(e)(1) disclosures.

On February 18, 2003, Ayers sought permission to "amend" his Rule 26(a)(2) disclosure by designating a previously undisclosed expert. Ayers indicated that he chose Hayes as a cost effective expert because of her familiarity with the case. Motion at ¶ 2-4. Ms. Hayes became undesirable after Capute's Rule 26(a)(2) disclosure indicated that his expert would accuse Ms. Hayes of malpractice. *Id.* at ¶ 5-6. Ayers fears such testimony may undermine her credibility as an expert with the jury. Motion at ¶ 6.

## Analysis

Ayers' proposed expert designation may not be fairly characterized as a Rule 26 (e)(1) supplementation. *See* Fed. R. Civ. P. 26(e)(1) (2003). Rule 26 (e)(1) supplementation is appropriate when "the party learns that in some material respect the information [previously] disclosed is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1) (2003). One may not use supplementation as a guise for late disclosure. *Akeva L.L.C. v. Mizuno Corporation,* 212 F.R.D. 306, 310 (M.D.N.C. 2002); *see also Keener v. United States,* 181 F.R.D. 639, 640 (D.Mont.1998). Allowing Rule 26(a)(2) to be circumvented through the application of Rule 26(e)(1) supplementation would

impermissibly "allow a party. . . to [elect] to defer a report until a later date of his own choosing." *Majewski v. Southland Corporation,* 170 F.R.D. 25, 26 (D.Kan.1996). Ayers cannot designate an additional expert witness under the guise of Rule 26(e)(1) supplementation.

The scheduling order required that Ayers designate all expert witnesses by December 9, 2002. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company,* 986 F.Supp. 959, 980 (D.S.C. 1997), *aff'd,* 129 F.3d 116 (4thCir. 1997), *citing Jordan E.I. Du Pont De Nemours,* 867 F.Supp. 1238, 1250 (D.S.C. 1994), *and case cited therein*. Fed. R. Civ. P. 16(b)'s "good cause" standard effectuates this purpose, preventing modification of scheduling orders absent proof that the deadline was not met despite the moving party's diligence. *See Dilmar,* 986 F.Supp. at 980, *and cases cited therein*.

Although Ayers has, since June 2002, known that Hayes' legal performance would be attacked, he nevertheless designated Hayes as an expert. His second thoughts about that decision do not provide good cause to modify the December 9,

-4-

2002 deadline.

Ayers has also failed to explain why an additional expert is necessary when Mr. Billman is presumably still available to testify.

## Conclusion

Ayers has not demonstrated that he is entitled to amend his Rule 26(a)(2) disclosure under 26(e)(2). Good cause for an extension has not been demonstrated. Accordingly Plaintiff's Motion to Amend His Rule 26 Disclosures will be denied.

/s/

March 31, 2003

Date

William D. Quarles, Jr.
United States District Judge