IN THE UNITED STATES DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY E. AYERS<br>P. O. Box 1210<br>Seaford, DE  19973 | : | NO. |
| | : | |
| | : | |
| | : | NON-ARBITRATION |
| Plaintiff | : | |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | No. WDQ 02-CV-0061 |
| CHARLES T. CAPUTE, ESQUIRE<br>114 North West Street<br>Easton, MD 21601 | : | |
| | : | |
| | : | CMAL Legal Malpractice |
| Defendant | : | |

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant Capute responds to Plaintiff's Motion for Summary Judgment in a fashion not unlike the particulars of Defendant's Motion for Summary Judgment wherein all the Defendant did was accuse the Plaintiff of fabricating testimony. On that score Plaintiff will repeat herein what he set forth in his Memorandum in opposition to the Defendants Motion when Plaintiff stated: "Why is it that when Plaintiff remembered something differently after he testified that he gets a tall pointy hat instead of the moniker of an imperfect memory?"

Defendant cites inapplicable case law that Mr. Ayers cannot create an issue of factual dispute because his affidavit is inapposite to his deposition testimony. He relies primarily on the cases of King v Virginia Employment Commission, 1994 WL 416439 (4th Cir. 1994) and Breedlove v. Norfolk & Western Ry. Co., 1994 WL 326046 (4th Cir. 1994) and precedent cited therein for the proposition that a party can not create an issue of fact for purposes of summary judgment if affidavit testimony contradicts deposition

1

testimony. Plaintiff would agree that the law of this Circuit provides that a party resisting summary judgment cannot rely upon contradicting affidavit and deposition testimony. However the facts in the instant case are diametrically opposite to the factual matrix in King and Breedlove. The factual matrix in King involved a woman filing suit against her employer for sex, age and race discrimination. At her deposition she was pressed to ask what statements her employer made that Ms. King considered discriminatory and in response she could not recall that any statements were made let alone the content of those statements. In a subsequent affidavit Ms. King Ms. King proffered a number of factually complex statements that her employer made. In the instant case in response after responding to counsel's question as to what were the "actual words" that were exchanged between Plaintiff and Mr. Capute regarding the Prenuptial Agreement Plaintiff responded that he told Capute he "wanted the prenuptial as tight as it possible can be".[1] Then when Plaintiff responded in the negative to counsel's open-ended question, "Can you remember anything else" Defendant would have this Court believe that Plaintiff's affidavit and deposition testimony is in conflict. Plaintiff could understand the defense contention in this regard if counsel for the defense asked a question such as "Mr. Ayer's, did the issue of alimony ever come up in your discussions with Mr. Capute?" If Mr. Ayers had responded in the negative to such a question then Plaintiff could understand Defendant's reliance on King and Breedlove. However, counsel for Defendant never posed any questions to Plaintiff regarding what was discussed about alimony. In point of fact a computerized search of Mr. Ayer's deposition testimony fails to show one instance wherein the Defendant's name and the word alimony appeared in any question asked by defense counsel. In fact, after Mr. Ayer's deposition Mr. Ayer's and instant counsel

---

[1] See p. 6 of Defendant's memorandum.

discussed the fact that it was odd that no specific questions regarding alimony were asked of Mr. Ayers. It would appear that the defense was setting up in advance; the precise argument now being made herein and as such, the Court should summarily dismiss it.[2] In summary on this issue, Plaintiff's affidavit is admissible evidence.

With respect to Plaintiff's contention that Mr. Capute has engaged in the unauthorized practice of law, instant counsel will report as an officer of the bar that Delaware's Office of Disciplinary Counsel is actively making an investigation of these charges. ODC requested a copy of Mr. Capute's deposition and other pleadings from this case. It is interesting to note that instant counsel asked defense counsel if Mr. Capute was actively representing any Delaware clients, a question that went unanswered.

**GIBSON & PERKINS P.C.**

BY: KEVIN WILLIAM GIBSON
Suite 105
200 East State Street
Media PA 19063
610.565.1708
kevingibson@gibperk.com

---

[2] Although Mr. Capute did not furnish an affidavit as a part of his summary judgment record, in his moving papers Mr. Capute now suggests that he used a form of Agreement prepared by Richard Berl, Lisa Wheatley's attorney. This position is contrary to his deposition testimony wherein Mr. Capute adamantly testified that it was Judge Graves agreement was the one Capute used to fashion Capute's version of the Prenuptial agreement. Also in his moving papers Mr. Capute suggests that it was Lisa's attorney who inserted into the Agreement a provision that Lisa would receive $1000 payments for each year the marriage survived. However in his deposition Mr. Capute had a specific recollection that it was the Plaintiff who instructed Capute to put the $1000 payments to Lisa in the Agreement. [See pp 2-3 of Plaintiff's Answer to Defendant's Motion For Summary Judgment] Under the defense reading of King, shouldn't Plaintiff be allowed to argue it is the defense that is manufacturing factual inconsistencies?

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2003, I served a true and correct copy

of the Plaintiff's Reply upon the following by U.S Mail, first class, postage prepaid:

Robert T. Shaffer, III, Esquire
Suite 1400, 36 S. Charles Street
Baltimore, MD   21201-3109

**GIBSON & PERKINS P.C.**

BY: KEVIN WILLIAM GIBSON
Suite 105
200 East State Street
Media PA 19063
610.565.1708
kevingibson@gibperk.com

4