IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY E. AYERS, | * |
| Plaintiff | * |
| v | * Civil No. WDQ-02-0061 |
| | * |
| CHARLES T. CAPUTE, | * |
| Defendant | * |
| | * |
| | * |
| | * * * |

MEMORANDUM OPINION AND ORDER

Pending are the parties' cross motions for summary judgment. For the following reasons, both motions will be denied.

## I. FACTS

In 1987, Plaintiff Timothy E. Ayers, a Delaware citizen, met Lisa Wheatley at a health club. Defendant's Motion for Summary Judgment ("DMSJ") Exhibit ("Ex.") 1 (2/6/03 Deposition of Timothy Ayers ("Dep.")) at 26. They were married to, and living with, other people at the time. Id. at 26-27, 72. After several months, they started dating. Id. at 27. Ayers was in his early 40s at the time; Wheatley was 23 or 24 years of age. Id. at 73.

After his divorce, Ayers asked attorney T. Henley Graves to prepare a prenuptial agreement ("the agreement") so that he would have it should he "ever get married again." Id. at 47-48. His consultation with Graves had "nothing to do with Ms. Wheatley." Id. at 48. After deciding to marry Wheatley, Ayers asked defendant attorney Charles T. Capute, a Maryland citizen, to "tighten up" the prenuptial agreement. Id. at 54. Ayers told Capute "the issues that [he] wanted protected," and asked him to review the agreement and change anything that needed change. Id. at 55. The defendant provided partnership, corporate, and estate planning services for Ayers. Id. at 76. Ayers believed drafting the agreement was within the defendant's expertise. Id. at 87. When Ayers asked Capute to draft the agreement, the defendant did not "say anything about I'm not versed in this area or . . . this is not my area or anything else." Id. at 89.

Wheatley reviewed the agreement, told Ayers that she understood it to mean that "everything was absolutely [the plaintiff's] and [was] going to be and there was no alimony, there was no nothing[.]" Id. at 108. She specifically agreed to give up her right to claim alimony. Id. On September 19, 1991, Ayers and Wheatley signed the agreement. DMSJ Ex. 15. Subsequently,

Ayers married Wheatley. Dep. at 7. On November 28, 2001, Ayers and Wheatley were divorced. First Amended Complaint ("FAC") at ¶ 11. On April 29, 2001, the Delaware Family Court approved a property distribution agreement signed by Ayers and Wheatley. *Id.* ¶ 19.

On January 7, 2002, Ayers sued Capute. On May 28, 2002, Ayers filed his First Amended Complaint; in it, he alleged that Capute failed to include in the agreement a provision by which Wheatley would have waived alimony. FAC at ¶¶ 6,7. Ayers also alleged that the agreement drafted by Capute failed to waive Wheatley's interest in other income derived during the marriage and property acquired with that income.

On June 3, 2003, Ayers filed his motion for summary judgment. In that motion Ayers asserted his entitlement to judgment because (1) Capute can not defend by asserting his reliance upon other lawyers' partial work product; and (2) Capute can not prove that he limited the scope of his employment.

Also on June 3, Capute filed his motion for summary judgment. In that motion, Capute asserted his entitlement to judgment because (1) Ayers' claims are barred by the statute of limitations; (2) Ayers lacks the expert witness necessary to prove Capute breached the standard of care; (3) Capute limited the scope of his employment; (4) there is no evidence of Capute's deviation from the standard of care; and (4) there is no evidence of proximate causation of Ayers' damages.

## II. DISCUSSION

A   The Statute of Limitations

Under Maryland's discovery rule, a cause of action accrues when a claimant knows or should have known of the wrong. *Edwards v. Demedis*, 118 Md. App. 240, 246 (1997). Under the discovery rule, as applied in Maryland, a legal wrong must be sustained, but a precise amount of damages need not be known. *Id.* A cause of action accrues when knowledge of facts and circumstances are sufficient to put a claimant on notice to make inquiry. *Id.* Once on inquiry notice, a claimant has a duty to seek out facts supporting a cause of action. *Id.* When there is no genuine issue as to a material fact relative to the accrual of a cause of action, the date of accrual may be determined as a matter of law. *Id.* For purposes of the discovery rule, the notice required is that which is sufficient to put a claimant on inquiry. *Id.* at 247.

Although continuous representation is not alone sufficient to avoid the bar of limitations, it is a factor to be considered. *Id.* at 561. The dispositive issue in determining when limitations begin to run is the date on which the plaintiff was put on notice that he may have been injured. *See Fairfax Savings v. Weinberg & Green*, 112 Md. App. 587, 685 A.2d 1189 (1996).

Arguably, Ayers was not on notice that he may have been injured until Wheatley, or her

attorney, indicated her intention to seek alimony  As the record is unclear when that occurred, it may not be resolved on summary judgment.

### The Scope of Employment

Capute asserts that Ayers must prove the following to prevail: (1) Capute's employment; (2) Capute's breach of a duty; and (3) Ayers' loss as a result of the breach. Capute contends that he limited the scope of his employment when he agreed to review Ayers' prenuptial agreement. DMSJ Memorandum at 27-28. Ayers has testified that Capute said nothing to limit the scope of employment. Ayers Dep. at 89. This factual dispute cannot be resolved except at trial.

### The Standard of Care

The plaintiff's expert will testify that the agreement failed to adequately define marital property and that ambiguity could have been construed against the plaintiff. Capute insists that Ayers cannot prevail because of the insufficiency of his expert's qualifications. DMSJ at 30. Capute's criticisms of the plaintiff's expert witness are properly addressed to the weight rather than the admissibility of her opinions. The expert's testimony is not so facially defective as to require summary judgment for the defendant.

### Causation

Capute asserts that Ayers cannot prove that he sustained a loss as the result of the alleged breach. Ayers maintains that he entered in the relatively generous property distribution with Wheatley only because of the possibility of a worse distribution had the agreement been invalidated by the family court. The reasonableness of Ayers' conduct is a matter to be determined at trial.

## III. CONCLUSION

For all the foregoing reasons, the court will enter an order denying the motions for summary judgment.

Date 7/24/3

WILLIAM D. QUARLES, JR
United States District Judge

3